Filed 2/27/23  P. v. Devaughn CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE, | B323017 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA388304) |
| v. |  |
| MICHAEL DEVAUGHN, |  |
| Defendant and Appellant. |  |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald S. Coen.  Affirmed.

Robert H. Derham, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Michael Devaughn appeals from an order denying his petition for resentencing under Penal Code[1] section 1172.6 (former section 1170.95).[2]  His appointed appellate counsel filed a brief raising no issues and asking this court to review the record independently to determine whether there are any arguable issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Devaughn is not entitled to a *Wende* review of the postconviction order he challenges, as the Supreme Court explained in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  We nevertheless conduct a *Wende* review because this court did not inform Devaughn that we may deem his appeal abandoned and dismiss his appeal if he did not file a supplemental brief raising an issue for our review.  (See *Delgadillo*, at p. 233.)  Based on our independent review of the record, we find no arguable issue and affirm the trial court's order denying Devaughn's petition for resentencing.

## BACKGROUND

### I.    Charges, Trial, and Direct Appeal

An October 27, 2011 information charged Devaughn with attempted willful, deliberate, and premeditated murder (§§ 664 & 187, subd. (a)) and possession of a firearm by a felon (former § 12021, subd. (a)(1), now § 29800).  The information also alleged that in the commission of the attempted murder (1) Devaughn

---

[1] Undesignated statutory references are to the Penal Code.

[2] Devaughn filed his petition under the amended version of former section 1170.95, which amendment became effective January 1, 2022.  (Stats. 2021, ch. 551, § 2.)  Thereafter, the Legislature renumbered the statute as section 1172.6, with no change in text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10), shortly before the hearing on Devaughn's petition.

2

personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)), (2) a principal was armed with a firearm (§ 12022, subd. (a)(1)), and (3) Devaughn personally and intentionally discharged a firearm causing great bodily injury to the victim (§ 12022.53, subds. (b)-(d)). The information charged Devaughn's codefendant, Deshawn Dwayne Darby, with assault by means of force likely to produce great bodily injury. (§ 245.)

At trial, the prosecution presented evidence indicating appellant Devaughn shot the victim during a physical altercation between codefendant Darby and the victim. The evidence indicated there was only one shooter. The prosecution's theory of the case was that Devaughn committed an attempted willful, deliberate, and premeditated murder by personally and intentionally discharging a firearm, causing great bodily injury to the victim. The trial court instructed the jury on that theory, specifically informing the jury that to prove Devaughn committed attempted murder the prosecution needed to prove Devaughn "harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being." (CALJIC No. 8.66.) The trial court did not instruct the jury on aiding and abetting or the natural and probable consequences doctrine. As to Darby, the prosecution argued he committed an assault by means of force likely to produce great bodily injury for his part in the scuffle with the victim, and the trial court instructed the jury in accordance with that theory.

The jury found Devaughn guilty of attempted murder and possession of a firearm by a felon. The jury found not true the allegation that Devaughn committed the attempted murder willfully, deliberately, and with premeditation. The jury found the other special allegations against Devaughn to be true,

3

including that he personally and intentionally discharged a firearm, causing great bodily injury to the victim. The jury acquitted Darby of the charge against him, assault by means of force likely to produce great bodily injury. The trial court sentenced Devaughn to the upper term of nine years for the attempted murder, plus a consecutive term of 25 years to life for the firearm enhancement, and a consecutive middle term of eight months for possession of a firearm by a felon.

Devaughn appealed from the judgment of his conviction, contending, among other things, that the trial court erred in denying his request for jury instructions on perfect or imperfect defense of another. In an unpublished opinion, we rejected his contentions, and affirmed the judgment. (*People v. Devaughn* (May 30, 2014, B245876) [nonpub. opn.].)

## II. Petition for Resentencing

On March 7, 2022, Devaughn, representing himself, filed a petition for resentencing under former section 1170.95 (now renumbered section 1172.6), a statute which permits a person convicted of attempted murder under the natural and probable consequences doctrine to petition the court to have the attempted murder conviction vacated and to be resentenced if the person could not presently be convicted of "attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).) As amended by Senate Bill No. 1437 (Stats. 2018, ch. 1015, § 2), section 188 requires that, "in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

4

Using a preprinted form, Devaughn checked boxes corresponding to the statutory requirements for a facially sufficient petition for resentencing under former section 1170.95, subdivision (b) (and current section 1172.6, subd. (b)). He also checked the box requesting appointment of counsel. He attached to the petition his own declaration, stating he punched the victim but did not shoot him.

The trial court appointed counsel for Devaughn. The district attorney filed a response to the petition, arguing Devaughn cannot make a prima facie showing of entitlement to relief under the statute because he was not prosecuted under the natural and probable consequences doctrine; rather, he was prosecuted under the theory that he "harbored an intent to kill when he personally used and discharged a firearm to shoot" the victim. The district attorney attached to the response our opinion in Devaughn's direct appeal of his conviction, and the jury verdicts and instructions.

Devaughn, by his appointed counsel, filed a reply brief, arguing he made a prima facie showing of entitlement to relief under the statute because he filed a facially sufficient petition for resentencing alleging he was prosecuted for attempted murder under the natural and probable consequences doctrine. The reply brief did not reference the jury instructions attached to the district attorney's response, showing the trial court did not instruct the jury on the natural and probable consequences doctrine at Devaughn's trial.

On July 13, 2022, pursuant to section 1172.6, subdivision (c), the trial court held a hearing to determine whether Devaughn made a prima facie case for relief. After giving counsel for the parties an opportunity to present argument, the trial court

denied the petition, finding Devaughn is ineligible for relief under section 1172.6 as a matter of law. At the hearing, the court explained the rationale for its ruling as follows, in pertinent part: "In this case, not only were natural and probable [consequences doctrine] instructions not given. Aiding and abetting instructions were not given. In this case, the jury found that the petitioner was the actual shooter in this matter by returning the actual use and discharge allegations, and found based on the instructions that the petitioner had to have express malice. [¶] . . . [¶] To go further, I am not sitting as a fact-finder. This is solely based on the record of conviction."

## III. Present Appeal

Devaughn filed a timely notice of appeal from the order denying his petition for resentencing, and this court appointed counsel for him. As noted at the outset of this opinion, counsel filed a brief raising no issues and asking this court to review the record independently to determine whether there are any arguable issues pursuant to *Wende*. Counsel served a copy of the *Wende* brief on Devaughn. According to counsel's declaration attached to the brief, counsel informed Devaughn of his right to file a supplemental brief.

On December 9, 2022, we sent a letter to Devaughn, informing him that his counsel had filed a *Wende* brief raising no issues and that he could submit a supplemental brief or letter stating any grounds for the appeal, or contentions or arguments he wanted this court to consider. The same day, we sent a letter to Devaughn's counsel, directing counsel to immediately send to Devaughn the appellate record and a copy of the *Wende* brief. Devaughn did not file a supplemental brief.

6

## DISCUSSION

In *Delgadillo*, our Supreme Court held the *Wende* procedures, including the court's independent review of the appellate record, do not apply to an appeal from the denial of postconviction relief under section 1172.6. (*Delgadillo*, *supra*, 14 Cal.5th at p. 226.) Rather, "[w]hen appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief *and that if no letter or brief is filed within 30 days, the court may dismiss the matter*." (*Id*. at pp. 231-232, emphasis added.)

Here, neither Devaughn's appointed appellate counsel nor this court informed Devaughn that the failure to file a supplemental brief might be deemed an abandonment of his appeal and result in the dismissal of the appeal. Instead counsel's opening brief and this court's letter to Devaughn both cited *Wende*. The same situation presented itself in *Delgadillo*, and the Supreme Court concluded that the appellant "reasonably could have concluded from this [letter] that the *Wende* procedures would apply and that the Court of Appeal would conduct an independent review of the record, even absent a supplemental brief." (*Delgadillo, supra*, 14 Cal.5th at p. 233.) Thus, although *Wende* procedures are not required in an appeal from the denial of postconviction relief under section 1172.6, the Supreme Court in *Delgadillo* nevertheless conducted an independent review of the appellate record (thereafter concluding the appellant was not entitled to any relief under section 1172.6 based on the record).

(*Delgadillo*, at p. 233.) We, too, have conducted an independent review of the record before us for the same reasons.

As set forth above, under section 1172.6 (and former section 1170.95, as amended), a defendant who was convicted of attempted murder under the natural and probable consequences doctrine, and not under a still-valid theory of attempted murder, may petition the court to have the attempted murder conviction vacated and to be resentenced on any remaining counts. If the record of conviction, including the jury instructions, refutes the allegations in the petition for resentencing (without resort to impermissible factfinding), the court may conclude the petitioner has not made a prima facie case for relief under section 1172.6, subdivision (c) and therefore is not entitled to an evidentiary hearing under subdivision (d). (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)

The record before us establishes Devaughn was not convicted of attempted murder under the natural and probable consequences doctrine, as the trial court did not instruct the jury on that theory. The trial court informed the jury that to prove Devaughn committed attempted murder the prosecution needed to prove Devaughn "harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being." (CALJIC No. 8.66.) Thus, the record establishes conclusively that the jury found Devaughn guilty of attempted murder under a still-valid theory of liability, and Devaughn is ineligible for relief under section 1172.6 as a matter of law. The trial court did not err in finding Devaughn cannot make a prima facie case for relief and denying his petition for resentencing.

8

**DISPOSITION**

The trial court's July 13, 2022 order denying Devaughn's petition for resentencing is affirmed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

WEINGART, J.